J-S70040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COREY PHINIZY | |
| Appellant | No. 1627 EDA 2015 |

Appeal from the Judgment of Sentence April 9, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000358-2014

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 02, 2015**

Corey Phinizy appeals from the judgment of sentence entered in the Court of Common Pleas of Montgomery County following his convictions for burglary[1] and criminal trespass.[2]  After our review, we affirm.

On October 21, 2013, Jayson Leypolt was awakened in the early morning by a rustling sound in his bedroom; he saw a man using a cell phone for light and rummaging through his closet.  Leypolt was able to chase Phinizy from his home.  Leypolt reported the incident to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3502.

[2] 18 Pa.C.S.A. § 3503.

Conshohocken Borough Police Department and identified Phinizy from a photo array.

At trial, Phinizy admitted on cross-examination that he did not know the victim. He admitted that he entered the victim's apartment without permission, that he was trespassing, and that he went there to buy marijuana from someone named Dwayne Johnson. N.T. Trial, 12/22/14, at 87-89, 91.

Following trial, a jury convicted Phinizy of burglary and criminal trespass. The court sentenced him to a term of imprisonment of five to fifteen years' imprisonment. On appeal, Phinizy raises one issue for our review: "Did the trial court err in denying the motion for judgment of acquittal and thereafter finding appellant guilty of the crime of burglary since there was no sufficient evidence beyond a reasonable doubt of unlicensed entering with intent to commit a crime therein?"

Phinizy's claim is waived. The court ordered Phinizy to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Trial Court Order, 6/9/15. In his Rule 1925(b) Statement, Phinizy stated: "The evidence was insufficient as a matter of law to convict appellant of Burglary[.]" Pa.R.A.P. 1925(b) Statement, 6/29/15. The trial court noted that Phinizy failed to identify which elements of his burglary conviction were not established at trial. *See* Trial Court Opinion, 7/14/15, at 4.

In order to preserve a challenge to sufficiency of the evidence on appeal, an appellant must state with specificity the element or elements of

the crime upon which he alleges the evidence was insufficient. *See*

***Commonwealth v. Veon***, 109 A.3d 754, 775 (Pa. Super. 2015), *citing*

***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) *and*

***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009). Here,

Phinizy's Rule 1925(b) Statement fails to identify which specific element of

his burglary conviction lacked sufficient evidence. ***See Garland***.

Accordingly, we find Phinizy's claim waived on appeal.[3]

Judgment of sentence affirmed.

_____

[3] Were we to address the merits of this claim, we would find the evidence sufficient to support the burglary conviction. In a challenge to sufficiency of the evidence, we view the evidence and all reasonable inferences arising therefrom in the light most favorable to the Commonwealth as the verdict winner. ***Commonwealth v. Hall***, 701 A.2d 190, 195 (Pa. 1997). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. ***Commonwealth v. Dellavecchia***, 725 A.2d 186, 188 (Pa. Super. 1998)(en banc).

A person commits the offense of burglary if, "with the intent to commit a crime therein, the person: (1) Enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present[.]" 18 Pa.C.S.A. § 3502. Phinizy argues he had no intention of stealing anything or of committing any violent act. He claims his actions were a result of "mere stupidity as opposed to criminality." Appellant's Brief, at 9. The jury, however, was convinced otherwise. The victim awoke to find Phinizy rifling through bags in his bedroom closet. The jury could certainly infer that Phinizy was searching for items to steal. The circumstantial evidence was sufficient to support Phinizy's burglary conviction.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/2/2015</u>