J-A21028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
KEVIN R. PETERS   :
  :
Appellant   :   No. 2591 EDA 2021

Appeal from the Judgment of Sentence Entered October 15, 2021
In the Court of Common Pleas of Bucks County
Criminal Division at CP-09-CR-0003901-2020

BEFORE:  LAZARUS, J., MURRAY, J., and McCAFFERY, J.

DISSENTING MEMORANDUM BY MURRAY, J.:   **FILED FEBRUARY 24, 2023**

Because I would conclude the Commonwealth established the malice

required to sustain Appellant's convictions of third-degree murder and

aggravated assault,[1] I respectfully dissent.

The Majority skillfully detailed the factual and procedural history.  **See**

Maj. at 1-5.  I additionally observe, before the jury retired to deliberate, the

trial court issued the following instruction on malice:

> There's no one definition of malice because it can involve so
> many different circumstances and so many different factors…. []
> I am going to give you three separate explanations[.]  …  Malice
> is a shorthand way of referring to … particular mental states … of
> a defendant [] that the law regards as being bad enough to make
> the killing murder.
>
> A killing is [committed] with malice if the defendant's
> actions show his wanton and willful disregard of an unjustified and

---

[1] **See** 18 Pa.C.S.A. §§ 2502(c) and 2702(a)(1).

extremely high risk that his conduct would result in death or serious bodily injury to another person. In this form of malice, the Commonwealth need not prove that the defendant specifically intended to kill anybody. The Commonwealth must prove, however, that the defendant took action or engaged in conduct [] consciously; that is, knowingly[] disregarding the serious risk that his conduct was creating[,] and that … his disregard of that risk demonstrates an extreme indifference to the value of human life.

The second way malice is described is a wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, a mind regardless of social duty that indicates an unjustified disregard for the probability of death or great bodily harm and an extreme indifference to the value of human life. …

… [T]he third way that the courts have defined malice is that the defendant consciously disregarded … an unjustified and extremely high risk that his actions might cause the death of another person or … [cause] serious bodily injury to another person.

N.T., 9/17/21, at 32-34 (some paragraph breaks omitted).[2] The trial court's instruction on malice is consistent with Pennsylvania Standard Criminal Jury Instructions. **See** Pa. SSJI (Crim) 15.2502C (third-degree murder); **see also Commonwealth v. Chmiel**, 30 A.3d 1111, 1184 (Pa. 2011) ("The law presumes that the jury will follow the instructions of the court." (citation omitted)).

---

[2] The trial court additionally instructed: "[I]n deciding, you may not rely on evidence that [Appellant] became intoxicated of his own volition in order to conclude that he was so intoxicated that he lacked the mental state required for the crime to be committed." N.T., 9/17/21, at 59; **see also Commonwealth v. Hutchinson**, 25 A.3d 277, 312 (Pa. 2011) ("A defense of … voluntary intoxication[] is an extremely limited defense available only to those defendants who **admit criminal liability** but contest the degree of culpability based upon an inability to formulate the **specific intent** to kill." (emphasis added)).

- 2 -

During deliberations, the jury asked the trial court for clarification of the "three definitions of malice[.]"  N.T., 9/17/21, at 72.  In response, the court re-read the same definitions quoted above.  *Id.* at 72-74.

I agree with the Majority that "our law is clear that the mere decision to drive [while] intoxicated does not satisfy the malice requirement.  If these factors met the requirement of malice, then every DUI homicide would result in a third-degree murder conviction."  Maj. at 13.  As our Supreme Court in **Commonwealth v. Packer**, 168 A.3d 161 (Pa. 2017) instructed, "an impaired driver who causes the death of another does not typically act with the requisite malice to support convictions of third-degree murder and aggravated assault."  *Id.* at 166 (citing, *inter alia*, **Commonwealth v. Kling**, 731 A.2d 145, 148 (Pa. Super. 1999) ("motor vehicle crashes seldom give rise to proof of the malice needed to sustain a conviction for third degree murder or aggravated assault.")).  The **Packer** Court stated, "the decision to drive while under the influence of alcohol and/or a controlled substance does not, **standing alone**, constitute malice."  *Id.* at 170 (emphasis added); **see also** *id.* ("the *mens rea* generally associated with the decision to drive under the influence is ordinary recklessness and does not constitute malice.").

According to the Majority, the **Packer** Court "addressed [a] 'notice,' or 'warning,' **requirement** of malice with respect to motor vehicle accidents[.]"

- 3 -

Maj. at 10 (emphasis added).[3]    In support, the Majority cites **Packer**'s

holding:

> Because of Packer's history of losing consciousness after huffing
> and her knowledge of the immediacy of the effects of huffing on
> her, she "could reasonably anticipate that serious bodily injury or
> death would be the likely and logical consequence of [her] actions
> … [but] the consequence was ignored.["]

**Id.** at 11 (quoting **Packer**, 168 A.3d at 171 (emphasis and citations omitted)).

The Majority concludes, "the facts of this case reveal that the Commonwealth

failed to present sufficient evidence of the 'warning' requirement of malice

necessary for third-degree murder and aggravated assault in the DUI

context." **Id.** at 13.

Contrary to the Majority, I would not hold that **Packer** (or its progeny)

created a "warning requirement."    Rather, **Packer**'s holding reflects the

unique facts in that case.    **See**, **e.g.**, **Packer**, 168 A.3d at 163 ("Based on

Packer's history of losing consciousness after huffing [] and her knowledge of

the immediacy and intensity of the effect, we conclude that her conduct

constituted the high degree of recklessness required for a finding of malice."),

---

[3] The Majority states this purported notice/warning requirement was also addressed in "**Commonwealth v. Urbanski**, 627 A.2d 789, 793 (Pa. Super. 1993) (concluding appellant's wife's repeated reminders of the danger of drunk driving and repeated requests he let her drive instead, conveyed a sufficient warning for malice)." Maj. at 14. The **Urbanski** Court held "a finding of malice is supported where an accused drives recklessly immediately prior to the accident and ignores the request of another to stop driving." **Urbanski**, 627 A.2d at 793 (citing **Commonwealth v. Pigg**, 571 A.2d 438, 442 (Pa. Super. 1990)).

and *id.* at 171 ("There is a significant difference between deciding to drive while intoxicated and deciding to drive with knowledge that there is a strong likelihood of becoming unconscious."). In my view, the presence or absence of a warning to an intoxicated driver is **merely one factor** to consider in the totality of the circumstances. As this Court has explained, "[m]alice may be inferred by considering the totality of the circumstances." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1219 (Pa. Super. 2011); *Commonwealth v. Windslowe*, 158 A.3d 698, 709 (Pa. Super. 2017) (same).

What *Packer* did require was conduct "virtually guaranteeing some manner of accident will occur through the intentional doing of an uncalled-for act in callous disregard of its likely harmful effects on others." *Packer*, 168 A.3d at 171 (citations omitted). Our Supreme Court explained:

> for the purpose of third-degree murder or aggravated assault, our courts have consistently held that malice is present under circumstances where a defendant did not have an intent to kill, but nevertheless displayed a conscious disregard for "an unjustified and extremely high risk that his actions might cause death or serious bodily harm."

*Packer*, 168 A.3d at 168 (citations and quotations omitted).

We have expounded upon the high degree of recklessness required for a finding of malice in the DUI context in *Commonwealth v. McHale*, 858 A.2d 1209 (Pa. Super. 2004):

> [R]eckless conduct will not support a finding of malice unless the conduct in question poses a very high likelihood that death or injury will result. For when such a considerable risk of injury or death has been created and then callously disregarded, the actor demonstrates that he essentially cares not whether he maims or

- 5 -

kills another, and when a person consciously creates such a high likelihood that injury or death will ensue, or continues his actions after realizing he has created such a risk, he exhibits the "wickedness of disposition, hardness of heart and cruelty" that is the hallmark of malice.

* * *

Additionally, when one driving a vehicle creates a circumstance which virtually assures that injury or death will result, the driver often will be driving in such a fashion as to create a substantial risk that he will also be injured or killed. Consequently, unless the driver has essentially a "death wish," or steamrolls through a crowd of pedestrians, it would seem unlikely that the recklessness would rise to the level sufficient to find malice.

*Id.* at 1213-14 (footnotes omitted).

Further, in **Kling**, ***supra***, this Court held that "a conviction based on malice is appropriate where evidence demonstrates the element of **sustained recklessness** by a driver in the face of an **obvious risk of harm** to his victims." **Kling**, 731 A.2d at 149 (emphasis in original); ***see also id.*** (emphasizing that motor vehicles "still outdistance firearms as the most dangerous instrumentality in the hands of irresponsible persons in our society today."). We defined sustained recklessness as a pattern supported by the facts and circumstances of a case which exhibits

the sustained, purposeful recklessness necessary to prove a knowing and conscious disregard that death or serious bodily injury was reasonably certain to occur. Indeed, these circumstances are facts which allow a [fact-finder] to [determine] the [defendant] had time and reason to calculate and reflect upon a deadly condition taking place, such that recklessness and malice exist.

*Id.* at 150 (quotation marks omitted).

- 6 -

Upon review of the record, I would conclude the Commonwealth established Appellant's "sustained, purposeful recklessness" and "knowing and conscious disregard that death or serious bodily injury was reasonably certain to occur." *See id.* The evidence showed Appellant knew he would be attending a holiday party, and was aware of alternate means of transportation and overnight accommodations. *See* N.T., 9/15/21, at 83, 85, 89. Appellant regularly took the train to Philadelphia. *See* N.T., 9/16/21, at 49, 86. On the night of the party, a co-worker offered him a ride home, while other co-workers used private transport services. *See* N.T., 9/14/21, at 114-15; N.T., 9/16/21, at 85. This evidence, alone, would not establish malice.

However, the evidence also showed the intoxicated Appellant could not operate the payment machine in the parking garage, and damaged the garage gate when he manually lifted the gate to exit. *See* N.T., 9/15/21, at 182-83, 185, 191-93; N.T., 9/16/21, at 75-76. Appellant's difficulty in the parking garage should have alerted him that he was too intoxicated to drive safely, but he was not deterred. After Appellant began driving, there were numerous indications which should have alerted him that continuing to drive while impaired posed an extremely high and unjustifiable risk to others. Indeed, Appellant committed numerous traffic violations, driving at an excessive speed, twice missing his exit on I-95, and **nearly colliding with two other motorists prior to the fatal crash**, prompting both motorists to call 911 to report Appellant's hazardous driving. *See* N.T., 9/13/21, at 138-41, 151;

N.T., 9/14/21, at 7, 10; N.T., 9/15/21, at 90. Immediately prior to the collision, **Appellant admittedly took his eyes off the road while driving 115 mph (nearly *double* the posted speed limit)**, in an attempt to retrieve his phone from the floor of the car. ***See*** N.T., 9/16/21, at 81-82, 91. In other words, Appellant maliciously exhibited **sustained recklessness** prior to the fatal crash, despite an obvious risk of harm to others. ***Kling***, 731 A.2d at 149 ("a conviction based on malice is appropriate where evidence demonstrates the element of sustained recklessness by a driver in the face of an obvious risk of harm to his victims." (emphasis omitted)); ***see also McHale***, 858 A.2d at 1214 (an intoxicated driver's reckless driving can "rise to the level sufficient to find malice" where the driver has essentially a 'death wish'"). As the Commonwealth explained, "This is not an instance where the driving under the influence of alcohol 'standing alone' constitutes malice. Rather, it is Appellant's repeated and continued decisions over a sustained period of time that when combined constitute the requisite malice." Commonwealth Brief at 33; ***see also id.*** at 46 ("Appellant had repeated opportunities to stop and reflect upon his choices.").

This Court has found the requisite malice for convictions of third-degree murder and aggravated assault in similar circumstances. In ***Dunphy***, ***supra***, the defendant drove after consuming a large amount of alcohol and struck and killed a pedestrian attempting to cross the street. ***Dunphy***, 20 A.3d at 1216-

We held malice existed "[c]onsidering the totality of the circumstances," *id.* at 1219, comprised of the following factors:

- "The intoxicated condition of appellant[] and the excessive rate of speed he was traveling on a street where pedestrians were present";

- Appellant admitted "although he saw pedestrians in front of him, he speeded up to make the [red traffic] light";

- Appellant's flight from the scene after striking the victim; and

- "The absence of any testimony that there was a physical or climatic condition that would explain his failure to stop before or after the accident."

*Id.* at 1219-20 (some capitalization altered).[4] In support, we cited, *inter alia*, *Commonwealth v. Taylor*, 337 A.2d 545 (Pa. 1975) (plurality). Summarizing *Taylor*'s holding, we explained:

[E]vidence was sufficient to demonstrate malice based on the following factors: intoxicated condition of the driver; excessive rate of speed; distance the victim's body was propelled; defendant's awareness that children were present in the area; and absence of any physical or climate condition that would contribute to the accident or his failure to stop immediately after[.]

*Dunphy*, 20 A.3d at 1220.

Further, and following careful review, the cases upon which Appellant relies are distinguishable. Appellant argues this case is governed by

_____

[4] There was no evidence in *Dunphy* that prior to the collision, anyone attempted to warn the defendant about his reckless driving. This further undermines the Majority's assertion of a "'warning' requirement of malice necessary for third-degree murder and aggravated assault in the DUI context." Maj. at 13.

*Commonwealth v. Comer*, 716 A.2d 593 (Pa. 1998) (superseded by statute on other grounds), *McHale*, *supra*, and *Commonwealth v. Dellavecchia*, 725 A.2d 186 (Pa. Super. 1999) (*en banc*). *See* Appellant's Brief at 21-23. These cases are primarily distinguishable because in the instant case, the crash in "did not ensue immediately after the driver became aware of his life-threatening conduct." *Kling*, 731 A.2d at 150 (distinguishing, *inter alia*, *Comer*); *cf. Comer*, 716 A.2d at 595 ("**immediately prior** to the accident[,]" appellant was driving "at a speed exceeding 45 m.p.h." (the posted speed limit), when his car went over a curb and struck pedestrians (emphasis added)), and *McHale*, 858 A.2d at 1211 (intoxicated driver struck pedestrians moments after starting his car and leaving parking spot). Moreover, Appellant chose to excessively and recklessly exceed the speed limit, at a rate drastically higher than that presented in *Comer*, *McHale*, and *Dellavecchia*.

I acknowledge this is a close case. However, the totality of the evidence with respect to malice is **not** "so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the **combined circumstances**." *Commonwealth v. Lake*, 281 A.3d 341, 346 (Pa. Super. 2022) (emphasis added). The trial court properly defined "malice" for the jury; the court even repeated its instruction on malice when the jury requested clarification. *See* N.T., 9/17/21, at 32-34 & 72-74, and *id.* at 62 (in response to jury's question about malice, trial court clarifying, at the request of Appellant's counsel:

"**[The defense] has never argued … that [Appellant] was … intoxicated to a point where he could not … recognize what the dangers were … or what risks weren't present at the time he was driving**." (emphasis added)).   Appellant was conscious of his impaired condition and repeatedly disregarded the "extremely high risk that his actions might cause death or serious bodily harm."   ***Packer***, 168 A.3d at 168 (citations and quotations omitted).

Accordingly, I would affirm the jury's convictions of third-degree murder and aggravated assault under 18 Pa.C.S.A. §§ 2502(c) and 2702(a)(1).