**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Gilbert Wallace JETER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 2007.

Filed Nov. 8, 2007.

Reargument Denied Jan. 10, 2008.

MaryJean Glick, Public Defender, Lancaster, for appellant.

Donald R. Totaro, Asst. Dist. Atty., Lancaster, for the Com., appellee.

BEFORE: KLEIN, DANIELS and KELLY, JJ.

OPINION BY KLEIN, J.:

¶ 1 Gilbert Wallace Jeter, Jr., appeals from the judgment of sentence imposed on his convictions for driving under the influence, false identification to law enforcement, driving on roadways laned for traffic, driving under suspension, and reckless driving.[1] Jeter raises one issue on appeal: whether the evidence at trial was sufficient to support his conviction for reckless driving. We affirm.[2]

¶ 2 At approximately 4:20 a.m. on February 7, 2004, Trooper Mark Kosh received a radio call indicating that a green sedan was traveling erratically eastbound on the Pennsylvania Turnpike. Trooper Kosh set up a stationary post at milepost 288 in order to intercept the vehicle. Shortly thereafter, Trooper Kosh received a second radio call indicating that the vehicle had crashed at milepost 283. While traveling westbound *en route* to milepost 283, Trooper Kosh observed two tractor trailers and a car on the side of the road at milepost 287. 1.[3] The officer turned his car around, proceeded eastbound, and approached the vehicles with his lights activated.

¶ 3 Trooper Kosh pulled behind Jeter's sedan. He saw Jeter changing his left front tire and asked him to come toward the rear of the vehicle. Trooper Kosh testified that Jeter staggered, slurred his speech, and appeared incoherent and confused. The officer also smelled a strong odor of alcohol and noticed that Jeter's eyes were bloodshot. Trooper Kosh further observed damage to the left side of Jeter's car and green paint on the nearby concrete wall. Jeter was arrested and charged with DUI and related offenses. Upon securing the vehicle, Trooper Kosh noticed a half-empty, 40-ounce bottle of malt liquor on the front passenger-side floor.

¶ 4 On November 4, 2005, following a hearing, the trial court denied Jeter's motion to suppress, after which the case immediately proceeded to a non-jury trial. All of the trial evidence was presented by stipulation. The trial court found Jeter guilty of the above-stated offenses. He was sentenced to a term of one year and three months to five years' incarceration, followed by one year of probation. Jeter did not file post-sentence motions. This timely appeal followed.[4]

¶ 5 To establish a conviction for reckless driving, the Commonwealth must

1. 75 Pa.C.S.A. § 3802(c), 18 Pa.C.S.A. § 4914, 75 Pa.C.S.A. § 3309, 75 Pa.C.S.A. § 1547, and 75 Pa.C.S.A. § 3736, respectively.

2. In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Randall*, 758 A.2d 669, 674 (Pa.Super.2000).

3. Though it is unclear from the record, it appears that the radio transmission identified the wrong milepost number. There is no indication that there was another accident at milepost 283.

4. Although the trial court ordered Jeter to file a Pa.R.A.P. 1925(b) statement, with which Jeter timely complied, the trial court failed to prepare a Pa.R.A.P. 1925(a) opinion. However, because we are able to properly review Jeter's sufficiency claim on the basis of the present record, we need not remand for a trial court opinion.

prove that the defendant exhibited a "willful or wanton disregard for the safety of persons or property." 75 Pa.C.S.A. § 3736(a). A person acts recklessly if he or she "consciously disregards a substantial and unjustifiable risk" of injury to others. 18 Pa.C.S.A. § 302(b)(3). Moreover, driving under the influence of an intoxicating substance does not establish recklessness *per se;* there must be other tangible indicia of unsafe driving to a degree that creates a substantial risk of injury that is consciously disregarded. *Commonwealth v. Mastromatteo,* 719 A.2d 1081, 1083 (Pa.Super.1998).

■ ¶ 6 Jeter argues that there was no evidence that he consciously disregarded a substantial risk of harm to others. He claims that there was no evidence that he was speeding or that he came close to striking another vehicle. He also claims that there was very little traffic on the roadway at that hour of the morning. Jeter asserts that he was merely a "garden-variety drunk driver" whose driving did not rise to the level of recklessness. (Appellant's Brief at 11.) We disagree.

¶ 7 It is true that evidence of intoxication alone is insufficient to support a reckless driving conviction. *See Mastromatteo, supra.* Here, however, there were other tangible indicia of unsafe driving, evidencing Jeter's conscious disregard of the substantial risk of harm to others on the roadway. First, Jeter was driving his vehicle on the Pennsylvania Turnpike, so presumably he was traveling at an increased speed, which could have resulted in substantial harm to others if an accident had occurred. Second, eyewitness Gerald Zufuria, whose testimony was placed on the record by stipulation, testified that Jeter's vehicle was weaving in and out of the roadway for several miles before it lost

control and crashed into the center barrier. (N.T. Suppression Hearing/Trial, 11/4/05, at 30.) Third, Trooper Kosh testified that Jeter's blood alcohol level (BAC) was 0.21 within two hours of his operation of the vehicle, which is almost three times the legal limit. (*Id.* at 32.) Finally, Trooper Kosh found a half-empty bottle of liquor on the front passenger-side floor of Jeter's vehicle, indicating that he may have been drinking alcohol while, or immediately prior to, driving. (*Id.* at 18–19.)[5]

¶ 8 We conclude that these "indicia of unsafe driving" support the trial court's finding of recklessness. *See Commonwealth v. Sullivan,* 864 A.2d 1246, 1250 (Pa.Super.2004) (*mens rea* of recklessness was satisfied where defendant drove unfamiliar route while intoxicated and proceeded to drive one-quarter mile in wrong direction on off-ramp before accident).

¶ 9 We recognize that there are cases in which this Court has reversed convictions for reckless driving and/or recklessly endangering another person (REAP) due to insufficient evidence to support the *mens rea* of recklessness. *See, e.g., Commonwealth v. Greenberg,* 885 A.2d 1025 (Pa.Super.2005) (reversing reckless driving conviction where there was no evidence that defendant had difficulty negotiating roadway or that he came close to striking other vehicles before losing control of his vehicle); *Commonwealth v. Bullick,* 830 A.2d 998 (Pa.Super.2003) (evidence was insufficient to support *mens rea* for reckless driving where evidence was entirely circumstantial and prosecution was based on skid marks that appeared to lead to damaged vehicle and on assumption that defendant was intoxicated at time of accident); *Mastromatteo, supra* (reversing REAP conviction where evidence demonstrated that defendant was intoxicated while driving and nothing more). Here, however,

**5.** Notably, and not surprisingly, Jeter fails to    mention any of this evidence in his brief.

the evidence of recklessness was much greater than in those cases: (a) Jeter's car weaved in and out of the roadway for several miles; (b) there were other drivers on the roadway at that time, as evidenced by eyewitness Zufuria's testimony; (c) Jeter had a BAC of 0.21 within two hours of driving, demonstrating a high level of intoxication; and (d) Jeter ultimately lost control of his car, striking the center barrier with enough force to blow out his front tire.

¶ 10 As this Court acknowledged in *Bullick*, "Undoubtedly, there exists a level of intoxication that renders a person so incapable of safe driving that [the] probability of injury or death would rise high enough to satisfy the willful and wanton recklessness standard." 830 A.2d at 1004. This Court has also stated that one can drive "in such a reckless manner[ ] that one must be deemed aware of the fact that he is creating a substantial risk of causing a motor vehicle collision." *Greenberg*, 885 A.2d at 1028–29. We believe that the totality of the circumstances in this case satisfies these criteria.

¶ 11 Accordingly, viewing the evidence in the light most favorable to the Commonwealth, as we must, we conclude that the evidence was sufficient to prove that Jeter consciously disregarded the probability that his driving could cause substantial risk of harm to others on the roadway. *Randall, supra.*

¶ 12 Judgment of sentence affirmed.