J-A22036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EBERHARD FABER | |
| Appellant | No. 339 MDA 2016 |

Appeal from the Judgment of Sentence February 10, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-SA-0000333-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:             **FILED NOVEMBER 21, 2016**

Appellant, Eberhard Faber, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his conviction of the summary offense of reckless driving.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts of this case.  Therefore, we have no reason to restate them. Procedurally, police cited Appellant for reckless driving after he disregarded an accident scene on December 8, 2015.  On December 11, 2015, Appellant pled guilty to reckless driving, and the district judge imposed a $303.50 fine. Appellant timely filed a summary appeal for trial *de novo* in the Luzerne County Court of Common Pleas on December 29, 2015.  On February 10,

---

[1] 75 Pa.C.S.A. § 3736(a).

2016, the court held a summary appeal hearing. At the conclusion of the hearing, the court convicted Appellant of reckless driving and imposed a $200.00 fine plus costs. Appellant timely filed a notice of appeal on February 19, 2016. On February 29, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on March 14, 2016.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ERRED IN FINDING [APPELLANT] GUILTY OF RECKLESS DRIVING WHERE THE EVIDENCE INTRODUCED AT TRIAL WAS INSUFFICIENT TO SUPPORT ALL THE ELEMENTS OF RECKLESS DRIVING BEYOND A REASONABLE DOUBT?

(Appellant's Brief at 2).

A challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually

received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Vehicle Code defines reckless driving as follows:

**§ 3736. Reckless driving**

**(a) General rule.**—Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

**(b) Penalty.**—Any person who violates this section commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S.A. § 3736. The offense of reckless driving has two elements: (1) an *actus reus* of driving a vehicle; and (2) a *mens rea* of willful or wanton disregard for the safety of persons or property. *Bullick, supra* at 1001. To satisfy the elements of reckless driving, the offender's driving must be a gross departure from prudent driving standards. *Commonwealth v. Greenberg*, 885 A.2d 1025, 1027-28 (Pa.Super. 2005). "[R]eckless driving requires driving that not only grossly deviates from ordinary prudence but also creates a substantial risk that property damage or personal injury will follow. It is also necessary that the driving reflect a **conscious disregard** for the danger being created by the reckless driving." *Id.* at 1029-30 (emphasis in original).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Fred A. Pierantoni, III, we conclude Appellant's issue on appeal merits no relief. The trial court opinion fully discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed April 7, 2016, at 6-8) (finding: court resolved issue of credibility in favor of Commonwealth witnesses; evidence established that Appellant drove up to accident scene where police had blocked traffic by positioning emergency vehicles in roadway with lights activated; when Appellant arrived at scene, two uniformed police officers stood near emergency vehicles and directed traffic away from accident scene; under these circumstances, presence and purpose of emergency vehicles and police officers should have been obvious to Appellant; nevertheless, Appellant ignored emergency vehicles blocking traffic and directives yelled by police officers; Appellant proceeded into intersection, drove his vehicle over median strip in roadway, and narrowly avoided collision with emergency responders; Appellant's conscious disregard of police directives at accident scene established requisite *mens rea* of recklessness; thus, sufficient evidence existed to sustain Appellant's conviction of reckless driving). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2016

COMMONWEALTH OF PENNSLVANIA    :IN THE COURT OF COMMON PLEAS
DEPARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING,             OF LUZERNE COUNTY

V.                     :       CRMINAL DIVISION

EBERHARD FABER,           : No.  333-SA-2015

      Defendant

---

## ORDER

AND NOW, this ____7____ day of April, 2016, it is hereby ORDERED, AND DECREED:

1. The Clerk of Courts of Luzerne County is ORDERED AND DIRECTED to serve a copy of this Order and Opinion on all Counsel of Record pursuant to Pennsylvania Rule of Criminal Procedure No. 114.

2. The Clerk of Courts of Luzerne County is ORDERED AND DIRECTED to docket this Order and Opinion and to forthwith transmit same to the Superior Court of Pennsylvania.

BY THE COURT:

_____
PIERANTONI,       J.

CLERK OF COURTS
2016 APR -7 PM 2:10
CRIMINAL DIV.
LUZERNE COUNTY

cc:  Daniel Hollander, A.D.A.
     James Barr, Esq.

COMMONWEALTH OF PENNSLVANIA;   : IN THE COURT OF COMMON PLEAS
DEPARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING,              OF LUZERNE COUNTY

          V.                             :          CRMINAL DIVISION


EBERHARD FABER,                   : No.   333-SA-2015

          Defendant

---

## OPINION


On February 10, 2016 this Court considered a summary appeal in the above captioned matter in which the Commonwealth cited the defendant for reckless driving. (75 Pa.C.S.A.§3736 (a)). Subsequent to a hearing, the transcript of which consists of 30 pages, the undersigned rendered a verdict of guilty.

An appeal from that determination was filed on February 19, 2016 and an Order issued to Pa.R.A.P. 1925 (b) on February 29, 2016. Appellant's Concise Statement was subsequently received on March 14, 2016 and the Commonwealth submitted a response on March 22, 2016.

Counsel for appellant presently asserts "Defendant respectfully represents that this Honorable Court erred in finding Defendant guilty of Reckless Driving where the evidence introduced at the Hearing was insufficient to support all the elements of Reckless Driving beyond a reasonable doubt."

1

At the conclusion of the hearing defense counsel, referencing Commonwealth v. Greenberg, 885 A.2d 1025(Pa. Super. 2005), argued that the Commonwealth's evidence was insufficient to support the *mens rea* of recklessness.

The Commonwealth presented the testimony of Wilkes-Barre City Police Officer Bernard Magagna and the "outside supervisor" on the day in question, Officer Richard Harding. We will briefly summarize their testimony.

Officer Magagna initially indicated that on December 8, 2015 at approximately 7:30 p.m. he was dispatched to the scene of a traffic accident in which a vehicle hit a traffic signal, knocking it down, causing the northbound lanes of Wilkes-Barre Boulevard to be blocked. Responders at the scene requested Officer Magagna's presence since it was necessary to close the northbound lane as well as the eastbound lane of Scott Street.

The witness responded and was positioned in the middle of the northbound lane of Wilkes-Barre Boulevard at the Scott Street intersection. Additionally present and deployed were a Wilkes-Barre City fire engine, and two patrol vehicles. These vehicles were positioned so that the northbound lane of travel would be blocked since the light post had fallen across two lanes of travel. All vehicles had their emergency lights activated. (N.T. 6).

2

Officer Magagna also described a raised median, several feet wide, separating the lanes of travel.

The defendant's vehicle was in the eastbound turning lane which would ordinarily allow him to proceed north on Wilkes-Barre Boulevard. The witness and an additional officer were literally in the middle of the street "indicating that there were no left turns, all traffic was to turn right". ( Id. N.T. 7). As the traffic control signal changed the defendant proceeded to turn left, "by-passing the two patrol vehicles and the fire engine". The defendant drove by the two police vehicles, fire truck and responders at the scene. Prior to doing so the defendant drove over the aforementioned median separating the lanes of travel. (Id. N.T. 7, 8). The witness, stated, the defendant passed the firefighters and city electrician who were present in the area where the defendant turned "to proceed past the live wire pole, downed pole". (Id. N.T. 8).

On cross-examination the officer described a considerable amount of debris present as a result of the initial accident.

Richard Harding, has been employed by the Wilkes-Barre City Police Department in excess of twenty years. On the day in question he was the "outside supervisor".

3

Officer Harding described the initial incident involving a one-car crash into a pole at the intersection of Wilkes-Barre Boulevard and Scott Street. The vehicle struck a light stanchion which fell across the northbound lanes of Wilkes-Barre Boulevard along with a substantial amount of debris.

Officer Harding described the deployment of Officers Magagna and Kane who were actually in the intersection next to the fire truck, and near their patrol vehicles, directing traffic. Officer Harding further indicated that the northbound lane, both lanes of Wilkes-Barre Boulevard, and the eastbound lane of Scott Street were all closed for "public safety".

Officer Harding observed the defendant in the northbound lane of Wilkes-Barre Boulevard and heard "both officers shouting at the vehicle that was making a left-hand turn". The defendant was operating a silver Lexus. The witness further observed the defendant's vehicle crossing north Wilkes-Barre Boulevard in the southbound lane, travel up and over the median and into the northbound lane of Wilkes-Barre Boulevard where Officer Harding was standing. There were additional first responders in Officer Harding's immediate area.

Officer Harding also described the positioning of the marked police vehicles with their emergency overhead lights activated as well as "Rescue 7", a large fire truck with its lights activated, all in the intersection physically blocking the

4

roadway "for public safety and also for our safety as first responders inside the accident scene." (Id. N.T. 14).

In response to a question posed by the assistant district attorney regarding whether the defendant's conduct "put your life or others in jeopardy or in danger at least ?" the witness responded " Absolutely. It most certainly did". (Id. N.T. 15).

During cross-examination Officer Harding stated the defendant's vehicle came within a foot or two of where he was standing. "I was actually stepping out of the way, and I was shouting at him as well to stop; and he continued to go". ( Id. N.T. 19).

Officer Harding estimated the defendant's speed at approximately 15 mph.

The defendant testified that as he approached the accident scene "I assumed, wrongly as it turned out, I assumed that the police had pulled over a driver for some sort of violation". (Id. N.T. 22). He additionally indicated he thought he could go around the police vehicle but realized there wasn't enough room, "[S]o I had to continue going the wrong way on the Boulevard until I could cross the median strip". (Id. N.T. 23).

In Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000) our Supreme Court summarized the framework to be employed in considering an insufficiency argument. A claim challenging the sufficiency of evidence is a question of law.

Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and its commission by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and thus the laws of nature, then the evidence is insufficient as a matter of law. Alternately stated, the inquiry involves whether the believable evidence was sufficient to support the verdict. Commonwealth v. Ratsamy, 934 A.2d 1233, 1236 (Pa. 2007).

In arriving at the verdict in this matter, to the extent it was necessary, we resolved the issue of credibility in favor of the Commonwealth witnesses and against the defendant.

Superior Court, in the case of Commonwealth v. Jeter, 937 A.2d 466 (Pa. Super. 2007), considered, in part, whether the evidence was sufficient to support a conviction for reckless driving. In order to establish a conviction for this offense, the Jeter court instructs, the Commonwealth must prove that the defendant exhibited a willful or wanton disregard for the safety of persons or property. The opinion further notes that a person acts recklessly if he or she "consciously disregards a substantial and unjustifiable risk" of injury to others", referencing 18Pa.C.S.A. §302 (b)(3). Jeter examined what it described as "tangible indicia of unsafe driving" to determine whether the defendant exhibited a conscious disregard of the substantial risk of harm to others on the roadway. As defense

6

counsel correctly pointed out during closing argument in the instant matter the offense presently considered requires a *mens rea* of recklessness. The evidence of recklessness considered in Jeter included the defendant's vehicle weaving in and out the roadway for several miles; other drivers on the roadway at the time; Jeter's BAC of 0.21 and the fact that Jeter ultimately lost control of his vehicle, striking the center barrier.

Examining the indicia of unsafe driving in the instant matter in a light most favorable to the Commonwealth as verdict winner we observe the following.

The defendant, while operating his vehicle, came upon an accident scene where multiple police and fire vehicles, all with their emergency lights activated, were positioned in such a manner as to block continued travel in a portion of the roadway. Additionally, present in the immediate area of the aforementioned response vehicles were two uniformed police officers directing traffic away from the accident scene. The presence and purpose of the vehicles and law enforcement officers should have been obvious to anyone with a modicum of common sense. The defendant ignored the "yelled" directives of the officers as well as the emergency apparatus and literally drove his vehicle over the median strip of the roadway where he thereafter narrowly avoided striking responders present at the scene, including Officer Harding.

7

If the defendant's conduct in consciously disregarding the directives and commands of the officers and then driving over a median into a patently obvious accident scene narrowly avoiding striking the responders present does not establish the *mens rea* of recklessness we fail to discern what would.

END OF OPIINION

ORDER ATTACHED AS PAGE 9