J-S27036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER BROWN | : | |
| | : | |
| Appellant | : | No. 1901 EDA 2017 |

Appeal from the Judgment of Sentence May 4, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001218-2017

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 06, 2018**

Appellant Christopher Brown appeals from the Judgment of Sentence entered in the Delaware County Court of Common Pleas after a bench trial of Driving Under the Influence ("DUI"), Reckless Driving, and Careless Driving.[1] He challenges the sufficiency of the evidence supporting the Reckless and Careless Driving convictions, and avers that the summary driving offenses merged for purposes of sentencing.  After careful review, we conclude that sufficient evidence supported the convictions, but because the offenses merged for purposes of sentencing, we vacate the Judgments of Sentence and remand for resentencing.

We glean the following facts from the Notes of Testimony.  At approximately 5:50 A.M. on December 11, 2016, Officers Stephen O'Hara and

---

[1] 75 Pa.C.S. § 3802(c); 75 Pa.C.S. § 3736(a); and 75 Pa.C.S. § 3714(a), respectively.

Edward Mongelluzzo of the Darby Township Police Department responded to a report of a motor vehicle accident on the 1100 block of Clifton Avenue. Officer O'Hara, who had been at the nearby police station, arrived within 30 seconds of the radio dispatch. The weather was clear, the traffic was light, and the road had no impediments. At the scene, Officer O'Hara saw an unoccupied, parked minivan that had been hit by a vehicle and pushed into the car parked in front of it. Officer O'Hara also saw a two-door Chevrolet Trailblazer off the roadway and stuck over the curb at an angle. The officer observed the Trailblazer's operator make repeated, failing efforts to drive the vehicle in reverse back over the sidewalk curb, which caused the rear tires to spin without gaining traction, leaving holes in the dirt of the adjoining grassy area.

Officer O'Hara parked his police car and approached the Trailblazer's driver's side. The Trailblazer had damage to its front end and to the driver's side door, damage that complemented the damage that the two nearby parked, unoccupied vehicles sustained. Appellant attempted to push the damaged door open with his shoulder but was unsuccessful because the door was bent. Officer O'Hara pulled hard on the door and extracted Appellant. Officer Mongeluzzo roused a sleeping passenger from the back seat who told the officer that they had been drinking at the firehouse just before departure. **See** Incident Report, Exhibit C-2. Neither Appellant nor his passenger suffered injuries in the crash.

Once Appellant was out of the vehicle, Officer O'Hara noticed that he was unsteady on his feet. He also noticed that Appellant's eyes were bloodshot, his speech was slurred, and from his body emanated an odor of alcohol. An open, unfinished beer bottle sat in the center console. Appellant told Officer O'Hara that he had come from a party at the nearby firehouse that Officer O'Hara knew regularly had Saturday evening parties at which participants could purchase alcoholic beverages. Appellant told the officer that the Trailblazer was his mother's car, and provided Officer O'Hara with his home address that matched the vehicle's registration. Officer O'Hara did not conduct field sobriety tests on Appellant. Once transported to the hospital, Appellant refused to provide blood for testing. *See* N.T., 4/4/17, at 6-74 (Testimony of Officer O'Hara).

The Commonwealth charged Appellant with numerous driving offenses. On May 4, 2017, a bench trial proceeded on the above three charges only. Officer O'Hara testified for the Commonwealth. The court admitted the incident report filed by Officers O'Hara and Mongelluzzo without objection. At Appellant's behest, the court admitted the transcript from Appellant's preliminary hearing into evidence.

After counsel's closing arguments, the court found Appellant guilty, and sentenced him to 30 days' to 6 months' incarceration for the DUI,[2] fines of

_____

[2] Appellant received credit for the 30 days of time he had already served and the court immediately released him on parole.

$200 and $25 for the summary offenses of reckless driving and careless driving, respectively, and restitution.[3]

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the evidence is insufficient to sustain the convictions for reckless driving and the lesser-included offense of careless driving since the Commonwealth failed to prove, beyond a reasonable doubt, that Appellant recklessly or careless disregarded the safety of persons or property?

2. Whether the separate sentence imposed for careless driving is illegal since that offense should have merged with reckless driving for sentencing purposes?

Appellant's Brief at 5.

In his first issue, Appellant avers that the Commonwealth failed to produce sufficient evidence to support his convictions for careless driving and reckless driving. Appellant's Brief at 10.[4] He speculates that "[t]here are numerous possible explanations (unrelated to carelessness or recklessness) for how the collision could have occurred," and baldly states that "[w]ithout eyewitness or expert testimony or an admission from [Appellant], the

---

[3] The court imposed $25 in restitution after noting that Appellant's mother's automobile insurance had covered some of the costs the owners of the parked cars had incurred because of the accident. *See* N.T., 5/4/17, at 104-106.

[4] Appellant has not challenged his DUI conviction before this Court.

government could not establish how the accident occurred" or that Appellant "acted with the *mens rea* required to sustain the convictions." *Id*. at 14.

Our standard of review applicable to challenges to the sufficiency of evidence is well settled. "Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth, the reviewing court must determine whether the evidence supports the fact-finder's determination of all of the elements of the crime beyond a reasonable doubt." ***Commonwealth v. Hall***, 830 A.2d 537, 541–42 (Pa. 2003). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. ***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014). In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. ***Id***.

Careless driving requires that the driver operate "a vehicle in careless disregard for the safety of persons or property." 75 Pa.C.S. § 3714. Reckless driving requires a driver to drive in "willful or wanton disregard for the safety of persons or property." 75 Pa.C.S. § 3736; ***Commonwealth v. Greenberg***, 885 A.2d 1025, 1027 (Pa. Super. 2005). Careless driving is a lesser-included offense of reckless driving. ***Commonwealth v. Cathey***, 645 A.2d 250, 253 (Pa. Super. 1994).

To prove a "willful or wanton disregard," the Commonwealth must show that the driver had a "conscious disregard of a substantial and unjustifiable risk." **Commonwealth v. Bullick**, 830 A.2d. 998, 1002 (Pa. Super. 2003) (citation omitted). **See also** 18 Pa.C.S. § 302(b)(3) (providing that a person acts recklessly if he or she "consciously disregards a substantial and unjustifiable risk" of injury to others.). A driver will be found reckless when he drives in such a manner that there is "a high probability that a motor vehicle accident would result from driving in that manner, that he was aware of that risk and yet continued to drive in such a manner, in essence, callously disregarding the risk he was creating by his own reckless driving." **Bullick**, **supra** at 1003.

We are mindful that "driving under the influence of an intoxicating substance does not establish recklessness *per se.*" **Commonwealth v. Jeter**, 937 A.2d 466, 468 (Pa. Super. 2007) (citation omitted). Rather, "there must be other tangible indicia of unsafe driving to a degree that creates a substantial risk of injury that is consciously disregarded." **Id**.

Here, Appellant contends that the "evidence presented here falls short of proving that [he] drove carelessly, let alone recklessly." Appellant's Brief at 13. Relying on cases with distinguishable facts, he argues that because there is no evidence that he was driving on a freeway or at a high rate of speed, and his blood alcohol content was unknown, the Commonwealth failed to carry its burden of proof. **Id**., citing **Jeter**, **supra**; **Bullick**, **supra**; and

*Commonwealth v. Gezovich*, 7 A.3d 300, 301 (Pa. Super. 2010). Appellant omits from his analysis the well-settled case law that holds that the Commonwealth may prove the elements of a crime with circumstantial evidence and the reasonable inferences drawn from it. Our review of the record indicates that, contrary to Appellant's contention, the evidence supports the court's determination that Appellant drove carelessly and recklessly.

First, as the court found, Appellant drove while under the influence to a degree that rendered him incapable of safe driving. Appellant has not challenged his DUI conviction before this Court. Moreover, Appellant admitted to the police officer that he had just left a party at the firehouse. In the totality of the circumstances, driving while inebriated is one piece of evidence supporting a conclusion that Appellant acted in willful and wanton disregard for the safety of others. However, it was not the only piece of evidence presented in the instant case.

The crash itself provides "other tangible indicia of unsafe driving." *Jeter*, *supra*. The evidence supports a reasonable inference that Appellant caused the crash. Officer O'Hara arrived within a minute of the radio dispatch to see Appellant inside his damaged vehicle trying to reverse from the curb where it had ended up askew near two other damaged vehicles. Combined with Appellant's being in the driver's seat still trying to operate the vehicle, and the damage to the vehicle that complemented the damage that the two

unoccupied, parked, cars sustained, we conclude that the Commonwealth proved beyond a reasonable doubt that Appellant caused the crash resulting in property damage.

Moreover, Appellant's continuing attempt to operate the vehicle, even after causing damage, shows his "callous[ ] disregard" of a "substantial and unjustifiable risk." **Bullick**, **supra** at 1003.

Applying our standard of review, "viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, and taking all reasonable inferences in favor of the Commonwealth," we conclude that the evidence supports the court's determination that the Commonwealth proved all of the elements of careless and reckless driving beyond a reasonable doubt. Accordingly, we affirm the convictions.

Appellant next contends that the offenses of careless driving and reckless driving merge for purposes of sentencing, and the court's imposition of two separate sentences of $25 and $200, respectively, comprises an illegal sentence. We agree.[5]

Whether offenses merge for sentencing purposes "depend[s] on whether the crimes involved are greater and lesser included offenses; if so, the sentences merge, if not, merger is not required." **Commonwealth v.**

---

[5] We note that both the trial court and the Commonwealth recognize that the offenses merged for purposes of resentencing. **See** Trial Ct. Op., 12/12/17, at 14; Commonwealth's Brief at 10.

*Everett*, 705 A.2d 837, 839 (Pa. 1998). As noted above, this Court previously held that careless driving is a lesser-included offense of reckless driving. *Cathey*, 645 A.2d at 253.

Accordingly, the trial court here erred in imposing separate sentences on each conviction. We, thus, vacate the Judgment of Sentence and remand for resentencing.

Convictions affirmed; Judgments of Sentence vacated; case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/18