J-A11011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW JOHN OPALKO | : | |
| | : | |
| Appellant | : | No. 1017 WDA 2020 |

Appeal from the Judgment of Sentence Entered July 1, 2020
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000250-2019

BEFORE: McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: AUGUST 13, 2021**

Andrew John Opalko appeals from the judgment of sentence entered following his conviction for Reckless Driving and related offenses. Opalko challenges the sufficiency of the evidence for his Reckless Driving conviction. We affirm.

The trial court provided the following factual history:

Trooper Kyle Freeman testified that while off-duty he witnessed [Opalko] travelling eastbound on Interstate 80. Trooper Freeman saw [Opalko] drive "completely off of the interstate to the right side" then travel up an embankment, come back down onto the interstate, launch across both lanes, and then go partly off into the median with both of his left tires. Trooper Freeman stated that he called the Pennsylvania State Police barracks to make them aware of this vehicle. While making the call, Trooper Freeman witnessed [Opalko] continue to drive erratically for a total of approximately fourteen (14) miles until the traffic stop was made by Trooper Timothy Reilly. Trooper Freeman stated that [Opalko] "would approach vehicles from behind and suddenly slam his brakes on, whip out into the left lane to pass . . . [and] travel partly off the interstate . . . then come back on." He explained

that this happened multiple times after the fourteen (14) mile stretch, after he saw the vehicle drive up the embankment and completely leave the highway on the other side.

Trial Ct. Op., 10/28/20, at 1-2 (record citations omitted).

Following a bench trial, the court found Opalko guilty of the following summary offenses: one count each of Failure to Keep Right, Driving at Safe Speed, Careless Driving, and Reckless Driving, and two counts of Disregarding Traffic Lane.[1] The court ordered him to pay a $325 fine and the cost of prosecution. Opalko filed a motion for reconsideration, which the court granted in part. It granted Opalko's motion to the extent it merged the sentence for Careless Driving with the sentence for Reckless Driving and reduced the aggregate fine to $300. However, it rejected his challenge to the sufficiency of the evidence for Reckless Driving. Opalko timely appealed.

Opalko raises one issue on appeal: "Whether the evidence was sufficient to allow the [c]ourt to conclude that [Opalko] was guilty of [R]eckless [D]riving beyond a reasonable doubt[?]" Opalko's Br. at 4.

When reviewing a sufficiency claim, "we must determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crime charged is established beyond a reasonable doubt." *Commonwealth v. Green*, 204 A.3d 469, 484 (Pa.Super. 2019) (citation omitted). "The Commonwealth may sustain its burden of

---

[1] *See* 75 Pa.C.S.A. §§ 3301(a), 3714(a), 3736(a), and 3309(1) respectively.

proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.* at 484-85 (quoting **Commonwealth v. Brown**, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*)).

Opalko claims that the evidence was insufficient to support his conviction for Reckless Driving. He argues that the testimony of Trooper Freeman lacked the specificity necessary to establish that his behavior constituted recklessness. He claims that "the Commonwealth did not prove that [his conduct] constituted a conscious disregard of a 'substantial' risk that injury will occur, *i.e.*, that [he] consciously disregarded a high probability that a motor vehicle accident would result from the operation of the vehicle." Opalko's Br. at 14 (citing **Commonwealth v. Bullick**, 830 A.2d 998, 1003-04 (Pa.Super. 2003)).

A person is guilty of Reckless Driving if he or she "drives any vehicle in willful or wanton disregard for the safety of persons or property[.]" 75 Pa.C.S.A. § 3736(a).

> [T]he *mens rea* necessary to support the offense of reckless driving is a requirement that Appellant drove in such a manner that there existed a substantial risk that injury would result from his driving, *i.e.*, a high probability that a motor vehicle accident would result from driving in that manner, that he was aware of that risk and yet continued to drive in such a manner, in essence, **callously disregarding the risk he was creating by his own reckless driving**.

**Commonwealth v. Greenberg**, 885 A.2d 1025, 1027–28 (Pa.Super. 2005) (quoting **Bullick**, 830 A.2d at 1003) (emphasis added).

In **Bullick**, we reasoned that speeding alone does not constitute reckless driving. There we held that "[w]hile undoubtedly . . . 'speeding' may . . . increase the risk that a driver will be involved in a motor vehicle accident, more 'ordinary' or 'common' speeding does not necessarily produce a 'substantial' risk that an accident will occur." **Bullick**, 830 A.2d at 1005. In addition to speeding, therefore, the Commonwealth must prove other indicia of unsafe driving. **See Commonwealth v. Mastromatteo**, 719 A.2d 1081, 1083 (Pa.Super. 1998) (requiring "indicia of unsafe driving to a degree that creates a substantial risk of injury which is consciously disregarded" to prove reckless driving). **See e.g. Commonwealth v. Jeter**, 937 A.2d 466, 468 (Pa.Super. 2007) (finding "indicia of unsafe driving" where defendant was weaving in and out of roadway for several miles); **Commonwealth v. Sullivan**, 864 A.2d 1246, 1250 (Pa.Super. 2004) (finding that driving in wrong direction on off-ramp constitutes tangible indicia of unsafe driving).

Presently, at trial, Trooper Freeman testified as follows:

I first noticed his vehicle driving erratically around the Emlenton exit. Right before the Emlenton bridge is a left-hand curve eastbound, then [Opalko's] vehicle went completely off of the interstate to the right side. There is an embankment right there. He traveled partly up the embankment then came back down onto the interstate and shot across both lanes and partly off into the median side with both of his left tires.

\* \* \*

Like I said, prior to—which wasn't in our county—he went completely off the road.  I don't know how he didn't wreck.

- 4 -

In Clarion County, he would drive up to other vehicles, slam his brakes on, and whip into the left lane. When he would do that, the left side of his tires would actually go off the interstate and into the median. That continued all the way to the traffic stop, and he was going at a high rate of speed the entire time.

\* \* \*

I don't know what his speed was exactly, but I know that I had to drive 80 miles an hour, which it was posted—it might have been 65 back then. I am not sure. It is 70 now, so he was over the speed limit—to keep him in sight while I was on the phone with the station.

N.T. Trial, 6/29/20, at 4, 6-7. Trooper Freeman explained that he followed Opalko for 14 miles and observed "terrible driving the entire time." *Id.* at 8.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the evidence at trial was sufficient to prove the elements of Reckless Driving. Opalko was driving at least 80 miles per hour, which was at least 10 miles per hour over the posted speed limit. *See id.* at 7. At this speed, he drove off the roadway, up an embankment, and then back onto the roadway, "sho[oting] across both lanes and partly off into [the] median side with both of his left tires." *Id.* at 4. He disregarded the traffic lanes, swerving and driving in both lanes. *See id.* at 7. He followed behind other motorists far too closely to stop safely if the vehicle in front of him had stopped and then slammed on the brakes. *See id.* at 6-8. He then would "whip out into [the] left lane" and "then off into the median." *Id.* at 8.

All of these individual actions of Opalko, during the 14-mile stretch in which Trooper Freeman followed him, when considered together, are sufficient

to prove the necessary *mens rea* for Reckless Driving. The extent and egregiousness of his acts were enough for the court to infer that Opalko consciously disregarded the "substantial risk that injury would result from his driving." **Greenberg**, 885 A.2d at 1027. Accordingly, we conclude that the evidence was sufficient to support Opalko's conviction for Reckless Driving.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/13/2021